

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| **JOYCE BULKLEY,** <br> **Plaintiff,** <br> **v.** <br> **JO ANNE B. BARNHART, Commissioner of the Social Security Administration,** <br> **Defendant.** | ) | **Case No. CV 04-04188 AJW** <br> **MEMORANDUM OF DECISION** |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

The parties are familiar with the procedural facts, which are undisputed and are summarized in the Joint Stipulation. [See JS 2-3]. In a written hearing decision dated December 10, 2002, Administrative Law Judge Jan Donsbach (the "ALJ") found that plaintiff was not disabled because she retained the residual functional capacity ("RFC") for a restricted range of light work, and that her RFC did not preclude her from performing a significant number of jobs available in the national economy. [JS 2-3; Administrative Record ("AR") 32-

33].[1] The Appeals Council denied plaintiff's request for review of that decision. [AR 10-12].

The parties have stipulated that the ALJ fairly and accurately summarized the material medical evidence and testimony of record. [JS 3]. Accordingly, the ALJ's recitation of the evidence is accepted for purposes of this decision, and citations to the administrative record may omitted when referring to evidence summarized in the ALJ's decision.

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or if it is based on the application of incorrect legal standards. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). Substantial evidence is more than a mere scintilla but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Thomas, 278 F.3d at 954. Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (quoting Consolidated Edison Co. of New

---

[1] The ALJ noted that plaintiff had filed a prior application for disability insurance benefits in March 1999 that was denied on August 12, 1999. Neither party contends that the prior decision is entitled to preclusive effect. See generally Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1995) (noting that the Commissioner may apply res judicata to bar reconsideration of a period with respect to which she has already made a determination, by declining to reopen the prior application, and that the Commissioner's decision not to reopen her decision as to an earlier period generally is not subject to judicial review). The ALJ did not did not expressly deny reopening of the prior application, and he reviewed and relied upon evidence from plaintiff's alleged date of onset in October 1995 through plaintiff's date last insured in September 2001 to reach a determination on the merits with respect to that entire period. Accordingly, there was a de facto reopening of plaintiff's prior application. See Lester, 81 F.3d at 827 n.3 (explaining that when the Commissioner considers on the merits the issue of the claimant's disability during a previously-adjudicated period, there is a "de facto reopening" of the prior application, and the Commissioner's decision as to the prior period is subject to judicial review)(citing Krumpelman v. Heckler, 767 F.2d 586, 589 (9th Cir. 1985), cert. denied, 475 U.S. 1025 (1986))); Gregory v. Bowen, 844 F.2d 664 (9th Cir. 1988) (holding that the ALJ effectively reopened the prior claim by considering on the merits the issue of the claimant's disability during the time period covered by that claim).

York v. N.L.R.B., 305 U.S. 197, 229 (1938)); Thomas, 278 F.3d at 954. The court is required to review the record as a whole, and to consider evidence detracting from the decision as well as evidence supporting the decision. Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

**Discussion**

**The medical opinion evidence**

Plaintiff contends that the ALJ painted with too broad a brush when he determined that plaintiff had an RFC for a restricted range of light work during the entire period from the alleged disability onset date of October 25, 1995 until September 30, 2001, plaintiff's date last insured for social security disability insurance benefits. Plaintiff asserts that the ALJ relied on medical opinions assessing plaintiff's functioning at or after the end of that period, when plaintiff had received the maximum benefit from treatment, and that the ALJ improperly ignored or misconstrued earlier opinions from her treating and examining physicians indicating that she was disabled before her date last insured. [JS4-9].

The ALJ found that plaintiff retained

> the physical residual functional capacity to perform light exertion work with ability to stand and walk up to 4 hours total in an 8-hour workday with periods of standing up to 30 minutes followed by 30 minutes off of her feet, sit up to 6 hours total in an 8-hour workday, occasionally use foot pedal controls, climb stair or ramps, balance, stoop, crawl or kneel, cannot climb ladders or ropes and she needs to alternate sitting and standing at 30 minute segments. The claimant retains the mental residual functional capacity for low stress, simple and detailed work with little contact with the general public, limited contact with coworkers, limited contact with supervisors, no responsibility for the health and safety of others and which requires average pace and production.

[AR 32].

The ALJ said he was adopting the opinion of the non-examining orthopedic expert, Dr. Jensen, with respect to plaintiff's physical functional restrictions, and that he was adopting the opinion of the non-examining neurological and psychiatric expert, Dr. Cable, with respect to plaintiff's mental functional limitations. The ALJ reasoned that the medical experts' opinions were entitled to weight because they had the opportunity to review the entire record and to question plaintiff, and plaintiff's attorney had the opportunity to cross-examine them. [AR 26, 28-29]. He also said that Dr. Jensen's opinion was consistent (if not more restrictive than) with the opinions of two orthopedic agreed medical examiners in plaintiff's workers' compensation case, Dr. Sew Hoy and Dr. Stoltz, and that Dr. Cable's opinion was consistent with that of the psychiatric agreed medical examiner, Dr. Wixen. [AR 26, 28-29]. The ALJ also remarked that agreed medical examiners "are presumed to be the most neutral medical sources in the Worker's Compensation framework and thus their opinions are entitled to significant weight." [AR 26; see AR 29].

The ALJ expressly rejected the disability opinion of Barry Carlin, a treating chiropractor. [AR 24, 26]. The ALJ did not evaluate, or give reasons for rejecting, treating opinions of "temporary total disability" from treating orthopedist Dr. Daniel Capen [AR 23, 211-219], treating neurosurgeon Dr. Ian Armstrong [see AR 25, 559, 563, 565, 570-573, 575], treating psychotherapists Drs. Leviadin and Kaplan [AR 228-248], and treating psychiatrist Dr. Alfred Bloch [AR 27, 607-612, 624-656].[2]

---

[2] An individual who is “temporarily totally disabled” is “totally incapacitated” and “unable to earn any income during the period when he is recovering from the effects of the injury,” and a workers' compensation claimant who is "temporary total disabled" necessarily is unable to work or to earn any income. Rissetto v. Plumbers and Steamfitters Local 343, 94 F.3d 597, 600, 605 (9th Cir. 1996) (internal quotation marks and citations omitted); see also Cal. Labor Code § 4653. A period of temporary total disability “is that period when the employee is totally incapacitated for work and during which he may reasonably be expected to be cured or materially improved with proper medical attention.” W. M. Lyles Co. v. Workmen's Compensation Appeals Board, 3 Cal.App.3d 132, 136 (1969) (citation omitted).

A physician's opinion with respect to the existence of an impairment or the ultimate issue of disability is not binding on the Commissioner. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001). Where the opinion of a treating or examining physician is uncontroverted, the ALJ must provide clear and convincing reasons, supported by substantial evidence in the record, for rejecting it. If contradicted by that of another doctor, a treating or examining source opinion may be rejected for specific and legitimate reasons that are based on substantial evidence in the record. Tonapetyan, 242 F.3d at 1148-49; Lester v. Chater, 81 F.3d 821, 830-831 (9th Cir. 1995). Standing alone, the opinion of a non-examining medical expert does not constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, but it may constitute substantial evidence when it is consistent with other independent evidence in the record. Tonapetyan, 242 F.3d 1148.

The ALJ adopted the opinions of the non-examining medical experts as to both plaintiff's physical and mental functional capacities. He relied on the opinions of Drs. Sew Hoy, Stoltz, and Wixen, the agreed medical examiners in plaintiff's workers' compensation case, to buttress those non-examining source opinions.[3]

Dr. Sew Hoy, an orthopedic agreed medical examiner, opined that plaintiff's condition was "permanent and stationary" as of October 4, 2001.[4] [AR 25]. He opined that plaintiff could

---

[3] The other reasons that the ALJ gave for crediting the medical expert's opinions – their opportunity to review the entire record, question plaintiff, and be cross-examined by plaintiff's counsel – are generic advantages that medical experts routinely enjoy by virtue of rendering an opinion during the disability hearing, but other physicians also may have the ability to review all or most of the record and to question the claimant. The ALJ also may issue a subpoena if he or she wishes to ascertain the basis for a physician's opinion. Moreover, the court is aware of no authority for the proposition that a medical expert's ability to review the record and participate in the hearing entitles their opinions to greater weight than those of other non-examining physicians or exempts them from the general rule that a non-examining physician's opinion alone cannot serve as substantial evidence to reject a treating or examining source opinion.

[4] A disability is considered “permanent and stationary” for workers’ compensation purposes “after the employee has reached maximum medical improvement or his or her condition has been stationary for a reasonable period of time." Gangwish v. Workers' Compensation Appeals Bd., 89 Cal.App.4th 1284, 1290 n.7 (2001) (quoting Cal.Code

work with a prophylactic restriction to "semi-sedentary" work with no standing or walking for more than 30 minutes without a 30-minute period off her feet.[5] [AR 25]. Plaintiff argues that Dr. Sew Hoy's October 2001 opinion concerns only the period beginning on October 4, 2001 (after plaintiff's date last insured), and that the ALJ erred in applying that opinion retrospectively to the relevant period. Dr. Sew Hoy's report provides support for plaintiff's argument. He wrote:

> I concur with Dr. Stoltz's assessment of the level of permanent disability that existed prior to April 1, 1995 of no heavy lifting and carrying and standing or walking for more than three hours.[6] The level of disability that results from the period of continuous trauma from April 1, 1995 through October 24, 1995 is *the difference between the current level of disability, that is a prophylactic restriction to semi-sedentary work, minus the pre-existing level of disability.*

[AR 623]. In other words, plaintiff's level of disability before October 4, 2001, when her condition reached the "permanent and stationary" level, was greater than her permanent disability beginning on that date, when Dr. Sew Hoy gave her a permanent prophylactic restriction to "semi-sedentary" work. The ALJ incorrectly assumed that Dr. Sew Hoy's October 2001 permanent and stationary opinion applied retrospectively to the period preceding her date last insured. Therefore, while the ALJ correctly concluded that he could and should consider

---

Regs., tit. 8, § 10152).

[5] Under the California workers' compensation disability rating schedule, a limitation to "semi-sedentary" work "contemplates the individual can do work approximately one-half the time in a sitting position, and approximately one-half the time in a standing or walking position, with a minimum of demands for physical effort whether standing, walking, or sitting." [JS 21-22]. See Department of Education v. Workers' Comp. Appeals Bd., 14 Cal.App.4th 1348, 1351 n.3 (1993).

[6] Plaintiff told Dr. Sew Hoy that she noticed the onset of low back pain radiating into the left buttock in April 1995, that the pain progressively worsened with her usual work activities as a material project coordinator at Northrup Grumman, and that she stopped working due to the pain on October 25, 1995. [AR 613].

Dr. Sew Hoy's workers' compensation opinion, he did not properly evaluate its significance for the disability decision. See Booth v. Barnhart, 181 F.Supp.2d 1099, 1105-1109 (C.D. Cal. 2002) (discussing the principles governing the evaluation of workers' compensation medical reports in social security disability cases, and explaining that the ALJ must consider workers' compensation medical opinions and "translate" workers' compensation terms of art in order to accurately assess their implications for the social security disability determination).[7] It also is unclear whether the ALJ fully understood and considered the definition of "semi-sedentary" work as used by Dr. Sew Hoy and the meaning of workers' compensation terms of art used by Dr. Wixen to rate plaintiff's psychiatric disability. [AR 622].

In addition, the ALJ failed to articulate reasons for rejecting the treating source opinions peppering the record indicating that plaintiff was "temporarily totally disabled" by her physical or mental impairments. Treating source opinions, of course, ordinarily are entitled to the greatest weight in disability cases, and they cannot be rejected without legally sufficient reasons. See Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004)("Greater weight must be given to the opinion of treating physicians, and in the case of a conflict 'the ALJ must give specific, legitimate reasons for disregarding the opinion of the treating physician.'")(quoting Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992)). Provided that temporary total disability under the workers' compensation guidelines extends for at least twelve consecutive months, disability under that standard is consistent with the definition of disability under the Social Security Act. See Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995) ("An individual is disabled within the meaning of the Social Security Act when she "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... can be expected to last for a continuous period of not less than twelve months."), cert. denied, 517 U.S. 1122 (1996); see also 42 U.S.C.

---

[7] Dr. Stoltz, the other orthopedic agreed medical examiner whose opinion was cited by the ALJ, examined plaintiff in December 1998. [AR 23]. Therefore, even assuming that his opinion is consistent with that of Dr. Jensen, his opinion is not germane to assess plaintiff's condition for the entire six-year period at issue.

§§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1509, 416.909; Rissetto, 94 F.3d at 600, ("[An employee] is considered temporarily totally disabled if he is unable to earn any income during the period when he is recovering from the effects of the injury.")(alteration and ellipsis in original) (quoting Herrera v. Workmen's Compensation Appeals Bd., 71 Cal.2d 254, 257 (1969)).

The ALJ acknowledged the potential relevance of plaintiff's workers' compensation disability opinions by citing the agreed medical examiners' reports to support his findings, but he improperly disregarded workers' compensation treating source opinions that tended to contradict his findings. See Booth, 181 F.Supp.2d at 1105-1109. This approach amounts to reversible legal error.

**Remedy**

In general, the choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the court. See Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.) (holding that the district court's decision whether to remand for further proceedings or payment of benefits is discretionary and is subject to review for abuse of discretion), cert. denied, 531 U.S. 1038 (2000). The Ninth Circuit has observed that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004) (quoting INS v. Ventura, 537 U.S. 12, 16 (2002) (per curiam)). A district court, however,

> should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004) (citing Harman, 211 F.3d at 1178). The Harman test "does not obscure the more general rule that the decision whether to remand for further proceedings turns upon the likely utility of such proceedings." Harman, 211 F.3d

at 1179; see Benecke, 379 F.3d at 593 (noting that a remand for further administrative proceedings is appropriate "if enhancement of the record would be useful").

There are outstanding issues that must be resolved, including (1) the proper interpretation of the workers' compensation disability ratings in the record, including those of Drs. Sew Hoy, Wixen, and the workers' compensation treating doctors; (2) whether that evidence is consistent with the medical experts' testimony on which the ALJ based his decision; and (3) the credibility of plaintiff's subjective complaints in light of a proper interpretation of the medical evidence.

Plaintiff contends that a proper interpretation of the workers' compensation medical reports and opinions requires reversal for an award of benefits. Workers' compensation disability ratings and terms of art cannot be directly translated into social security disability terms, and the ALJ is entitled to draw inferences logically flowing from that evidence. See Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996); Desrosiers v. Secretary of Health & Human Services, 846 F.2d 573, 576 (9th Cir. 1988); 20 C.F.R. §§ 404.1504, 416.904. Since it is not clear from the record that plaintiff must be awarded benefits, the proper remedy is a remand for further administrative proceedings.

**Conclusion**

For the reasons stated above, the Commissioner's decision is not supported by substantial evidence and does not reflect application of the proper legal standards. Accordingly, defendant's decision is **reversed, and the case is remanded for further administrative proceedings consistent with this memorandum of decision.**

**IT IS SO ORDERED.**

DATED: January 11, 2006

/s/
ANDREW J. WISTRICH
United States Magistrate Judge