UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOYCE BULKLEY, | ) |
| | ) Case No. CV 04-04188 AJW |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) ORDER GRANTING PETITION |
| COMMISSIONER OF SOCIAL | ) FOR ATTORNEY FEES |
| SECURITY ADMINISTRATION[1], | ) 42 U.S.C. § 406(b) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff's counsel Lawrence D. Rohlfing ("petitioner") has filed a petition for attorney fees under 42 U.S.C. § 406(b) (the "Petition") in the total amount of twenty thousand dollars ($20,000.00) for 33.6 hours of attorney time and 7.3 hours of paralegal time. Defendant filed a response to the petition discussing the principles for determining a "reasonable" fee, but because he is not a party to the fee agreement between plaintiff and petitioner, he has not taken a position supporting or opposing the fee petition.

**Proceedings**

On January 11, 2006, judgment was entered reversing and remanding this case to defendant for further administrative proceedings. On remand, plaintiff was awarded social security disability insurance benefits, including an award of past-due benefits in the total amount of $104,472.50. [Petition 3;

---

[1] Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart. Fed. R. Civ. P. 25(d)(1).

1 Declaration of Lawrence D. Rohlfing ("Petitioner's Decl."), ¶ 4 & Ex. 3 ]. Plaintiff subsequently was
2 awarded the stipulated sum of $ 5,700 in attorney's fees pursuant to the Equal Access to Justice Act
3 ("EAJA"), 24 U.S.C. § 2412(d).[2] [Order filed October 10, 2006].

**Discussion**

5 Section 406(b) provides, in part:

6 Whenever a court renders a judgment favorable to a claimant under this subchapter who was
7 represented before the court by an attorney, the court may determine and allow as part of its
8 judgment a reasonable fee for such representation, not in excess of 25 percent of the total of
9 the past-due benefits to which the claimant is entitled by reason of such judgment, and the
10 Commissioner of Social Security may . . . certify the amount of such fee for payment to such
11 attorney out of, and not in addition to, the amount of such past-due benefits.

12 42 U.S.C. § 406(b)(1)(A). Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out
13 of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." Gisbrecht
14 v. Barnhart, 535 U.S. 789, 792 (2002). In Gisbrecht, the Supreme Court explained that where the plaintiff
15 has entered into a contingent fee agreement with counsel, section 406(b) is meant "to control, not to
16 displace, fee agreements between Social Security benefits claimants and their counsel." Gisbrecht, 535 U.S.
17 at 793. The Court held that where the claimant and counsel had entered into a lawful contingent fee
18 agreement, courts that used the "lodestar" method as the starting point to determine the reasonableness of
19 fees requested under section 406(b) improperly "reject[ed] the primacy of lawful attorney-client fee
20 agreements." Gisbrecht, 535 U.S. at 793.

21 While courts review fee agreements as an "independent check, to assure that they yield reasonable

---

[2] In general, where attorneys' fees are awarded under both the EAJA and section 406(b), the attorney must refund the smaller of the two awards to the claimant. See Gisbrecht v. Barnhart, 535 U.S.789, 796 (2002) (noting that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits). Consistent with this obligation, petitioner's section 406(b) fee request includes a request for an order directing him to refund the amount of the EAJA fee award to plaintiff. [Petition 1].

2

1 results in particular cases," lawful contingent-fee agreements are "*the primary means by which fees are set*"
2 for the successful representation of social security disability claimants in court. Gisbrecht, 535 U.S. at 807
3 (emphasis added); see Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) ("Gisbrecht held that the
4 lodestar approach was inappropriate for evaluating a contingent-fee agreement under § 406(b).... As long
5 as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded
6 past-due benefits, noted the Court, § 406(b) simply instructs a court to review the agreement for
7 reasonableness.")(internal citations omitted). Gisbrecht provided some examples of instances in which a
8 downward adjustment of the agreed contingent fee might be in order. Gisbrecht, 535 U.S. at 807-808. The
9 Court left to the district courts, however, the task of how best to determine whether enforcement of a
10 contingent fee agreement is reasonable in a particular case. See Gisbrecht, 535 U.S. at 808 ("Judges of our
11 district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and
12 their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful
13 review."); see also Ellick v. Barnhart, 445 F.Supp.2d 1166, 1168-1172 (C.D. Cal. 2006)(surveying all
14 reported decisions to date applying Gisbrecht and noting a lack of uniformity in the district courts' approach
15 to the reasonableness inquiry under Gisbrecht).

16   Plaintiff retained petitioner as her attorney to represent her in this action for review of defendant's
17 decision denying her application for disability insurance benefits. Plaintiff agreed to pay petitioner an
18 amount equal to 25% of any past-due benefits awarded if plaintiff prevailed in this case. [Petition 5;
19 Petitioner's Decl.. ¶ 2 & Ex. 1]. Under Gisbrecht, the court examines plaintiff's contingent fee agreement
20 with petitioner only to assure that the enforcement of that agreement is reasonable. See Thomas v. Barnhart,
21 412 F.Supp.2d 1240, 1244 (M.D. Ala. 2005) (observing that "the hurdle Gisbrecht erects for the claimant's
22 attorney is rather low, and a change to the [fee] agreement is warranted at least, and perhaps at most, when
23 justice requires"). The court may consider factors such as the character of the representation, the results
24 achieved, the ratio between the amount of any benefits award and the time expended, any undue delay
25 attributable to counsel that caused an accumulation of back benefits, and whether the requested fee award
26 would constitute a "windfall" to the attorney. See Gisbrecht, 535 U.S. at 808; Mudd, 418 F.3d at 428; see,
27 e.g., Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (awarding section 406(b) fees post-
28

Gisbrecht where (1) counsel sought less than the maximum 25% contingent fee allowed by law; (2) counsel "faced a substantial risk of loss" because the plaintiff alleged a variety of impairments that "were not susceptible to clear and straightforward forms of proof, and some of which involved lengthy and complicated medical histories"; (3) "Congress has indicated the permissibility, within limits, of rewarding attorneys for assuming the risk of going uncompensated for representing Social Security claimants"; (4) the value of the benefits award to the plaintiff was "substantially more than the past-due benefits on which the fee is based" because the plaintiff also received ongoing disability benefits; (5) counsel devoted "considerable time and careful attention" to the case; and (6) "[p]etitioner's challenge to the ALJ's determination at step five was central to the court's decision to remand the case to the Commissioner") (citations omitted).

In this case, several relevant factors weigh in favor of granting petitioner's fee request. First, petitioner obtained a favorable result for his client in the form of a remand for further administrative proceedings, which in turn led to a sizeable award of past-due benefits as well as ongoing disability insurance benefits. [Petitioner's Decl., ¶ 4 & Ex. 3].

Second, petitioner's requested section 406(b) fee of $20,000 does not exceed the maximum 25% contingent fee authorized by law and by petitioner's contingent fee agreement with his client. [See Petition 24; Petitioner's Decl., ¶ 2 & Ex. 1].[3]

Third, this case carried with it the risk of loss inherent in social security disability contingent-fee cases. If petitioner had not succeeded in obtaining a decision in his client's favor, he would have recovered no fee. See Faircloth v. Barnhart, 398 F.Supp.2d 1169, 1173-74 (D.N.M. 2005)(noting that "a report from the Social Security Advisory Board reveals that a mere 35% of claimants who file at the United States District Court level will obtain benefits," and that Congress enacted section 406(b) to curtail "abusive practices of a few attorneys who charged successful claimants anywhere from one-third to one-half of the

---

[3]  Plaintiff was awarded past-due benefits in the amount of $104,472.50. The maximum allowable attorney's fee payable under 42 U.S.C. §§ 406(a) and (b) is 25% of that sum, or $26,118.12. Petitioner has applied for attorney's fees in the amount of seven thousand dollars ($7,000) under 42 U.S.C. § 406(a) for representing plaintiff at the administrative level. Petitioner has represented that he will remit to plaintiff any fees he is awarded under section 406(a) and (b) in excess of $26,118.12. [Petition 24].

4

accrued benefits awarded" but "Congress also sought 'to ensure that attorneys representing successful claimants would not risk nonpayment of appropriate fees'")(quoting Gisbrecht, 535 U.S. at 804-805).

Fourth, there is no evidence in the record before the court, nor any suggestion by defendant, that petitioner unduly delayed the resolution of this case or engaged in any overreaching.

Fifth, petitioner spent 33.6 hours of attorney time and 7.3 hours of paralegal time litigating this case in district court, a figure that is within the norm for social security disability cases. See Patterson v. Apfel, 99 F. Supp.2d 1212, 1214 & n.2 (C.D. Cal. 2000) (collecting cases). Defendant points out that petitioner's contingent fee request would amount to an average de facto hourly rate of $572.93 for attorney time. Following Gisbrecht, district courts "generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements." Hearn, 262 F. Supp. 2d at 1037-38 (collecting post-Gisbrecht section 406(b)cases awarding de facto hourly rates ranging from a low of about $188 to a high of about $695, and approving a contingent fee that amounted to a de facto hourly rate of about $450); see also Mudd, 418 F.3d at 428-429 (affirming a § 406(b) fee award of 25% of the claimant's past-due benefits that produced a de facto hourly rate of about $737); Claypool v. Barnhart, 294 F.Supp.2d 829, 833-34 (S.D. W.Va. 2003) (approving a contingency fee agreement that yielded a de facto rate of $1,433 per hour, and rejecting as inconsistent with Gisbrecht the argument that the court should determine a reasonable hourly rate and multiply it by the number of hours spent); Brown v. Barnhart, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003)(approving a fee amounting to a de facto rate of $977 per hour).  As one district court explained, "any reliance on a non-contingent rate without taking into account the contingent nature of this 42 U.S.C. § 406(b) fee could undercompensate [the plaintiff's counsel]." Hearn, 262 F.Supp.2d at 1037.  Bearing these principles in mind, the effective hourly rate in this case is not so high as to represent an impermissible "windfall" to petitioner.

Considering all of the Gisbrecht factors, enforcement of the fee agreement between petitioner and plaintiff is reasonable, and petitioner's section 406(b) fee request should be granted.

**Conclusion**

For the reasons described above, petitioner is awarded attorney fees under 42 U.S.C. § 406(b) in the

sum of **twenty thousand dollars ($20,000).** Petitioner is directed to pay to plaintiff the sum of **five thousand, seven hundred dollars ($5,700),** representing a refund of the EAJA fees previously awarded, within fifteen days of petitioner's receipt of his section 406(b) attorney fees. Should petitioner be awarded fees under 42 U.S.C. §§ 406(a) and (b) totaling more than $26,118.12, he is directed to remit any amount in excess of that sum to plaintiff within fifteen days of receiving the excess fee award.

**IT IS SO ORDERED.**

DATED: February 28, 2007

/ s /
_____
Andrew J. Wistrich
United States Magistrate Judge